IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                         Criminal Action No. 5:17-CR-20

DR. ROLAND F. CHALIFOUX, JR.,

    Defendant.

## REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This case is now before the Court on Defendant's [ECF No. 50] Renewed Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained from the Yahoo Search Warrant. The Court held a hearing on this motion on April 17, 2018. The Defendant appeared in person, and by his counsel, Elgine H. McArdle, Esq., and Ronald W. Chapman, II, Esq. The Government appeared through its counsel, Robert H. McWilliams, Jr., Esq. Michael Kuhn and Special Agent Scott Noullett testified.

**II. BACKGROUND**

On June 22, 2015, a search warrant was issued by this Court pursuant to an ongoing investigation of the Defendant and his medical practice. The search warrant authorized the investigating officer to obtain the contents of a Yahoo! e-mail address belonging to Defendant. The warrant was subsequently executed, and well over 10,000 e-mails were provided to the agent investigating the Defendant.

On June 6, 2017, the Grand Jury named Defendant, Dr. Roland F. Chalifoux, Jr. in a thirty-two count indictment. Counts 1-11 and 23-26 of the indictment charge him with health care fraud. Counts 12-18 charge him with mail fraud. Counts 19-22 charge him with wire fraud.

1

Counts 27, 28, 30, and 32 charge him with distribution of oxycodone. Counts 29 and 31 charge him with distribution of methadone. There is also a forfeiture allegation. An Order was entered on July 25, 2017, dismissing Counts 27-32 pursuant to a motion by the Government.

On March 2, 2018, the Defendant filed a Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained From the Yahoo Search Warrant. ECF No. 31. A hearing was held on this and other motions on March 13, 2018. At the hearing, counsel for Defendant advised the Court that the Government recently turned over to them some 12,000 e-mails that they needed to review before they could adequately argue their motion. They asked the Court for time to do so. Accordingly, the Court denied the motion as moot, but invited counsel for Defendant to resubmit a similar motion if they felt doing so was warranted after reviewing the balance of the e-mails. ECF No. 43. The Court directed the new motion, if one were warranted, to be filed by April 4, 2018. *Id*.

On April 4, 2018, the Defendant renewed his motion. ECF No. 50. The Government responded to the renewed motion on April 9, 2018. ECF No. 52. An evidentiary hearing and argument was held on the renewed motion on April 17, 2018.

### III.   DISCUSSION

#### A. Motion to Suppress Evidence

The Defendant asks that, if the motion to dismiss is denied, the Court suppress all evidence stemming from the search warrant. Defendant argues the e-mails should be suppressed as a less drastic remedy for the possibility that the Government saw privileged e-mail communications between the Defendant and his attorneys if the Court finds dismissal of the Indictment not to be appropriate.

The Government stated it will not use any e-mails obtained from the search warrant in its case-in-chief. The Government has repeatedly stated, both in writing and in court, that the only time they would attempt to use any e-mail from the search warrant is for impeachment purposes on cross-examination if the Defendant or another witness were to testify to something directly contradicted by information contained in the e-mails obtained from the search warrant.

Accordingly, this issue would not ripen into a justiciable controversy until the Government proffers a document obtained from the search warrant or seeks to use such a document in cross examination should Defendant testify. In the event that such a situation arises, this is an issue for the trial Court, and the Government is directed to give notice to the trial Court and counsel for Defendant at the earliest possible time after it determines that any of these e-mails will be proffered or referred to in any way. Accordingly, the Court is recommending the Defendant's motion to suppress be denied as moot with respect to the Government's case-in-chief because the Government has foreclosed any chance of using the e-mails contained in the search warrant in that manner.

### B. Motion to Dismiss Indictment

The Defendant argues that because of the Government's failure to use a "taint team" from the outset to review the seized e-mails, there is no way to ensure they did not see privileged e-mails between the Defendant and his attorneys. The Defendant argues that the seizure of his e-mails violates his Fifth Amendment right to counsel, and his Sixth Amendment right to assistance of counsel. ECF No. 50 at 4. Because of this Defendant argues the Indictment should be dismissed.

When a court is asked to dismiss an indictment prior to the conclusion of trial, the court makes a harmless error inquiry. *Bank of Nova Scotia v. United States*, 487 U.S. (1988). Fed. R.

Crim. P. 52(a) provides that "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."  "Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.  *United States v. Morrison*, 449 U.S. 361 (1981).  "Absent demonstrable prejudice, or substantial threat thereof, from the violation of the Sixth Amendment, there is no basis for imposing a remedy in the criminal proceeding, which can go forward with full recognition of the defendant's right to counsel and to a fair trial, and dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate.  *Id*.  Dismissal of the indictment is also inappropriate "where a Fifth Amendment violation has occurred, and we have not suggested that searches and seizures contrary to the Fourth Amendment warrant dismissal of the indictment.  *Id.* at 366.

At the hearing on this matter, the Court ordered counsel for Defendant to produce for *in camera* review all e-mails that they believed to be privileged and which they allege the Government could have seen.  The Court has since reviewed all the e-mails turned over by counsel.[1]  Although many of these e-mails and attachments constitute privileged communications, the Court sees no content within these privileged communications that would aid the Government in their crafting or prosecution of the underlying indictment.  The overwhelming majority of the e-mails produced pertain to matters that either do not relate at all to the underlying charges, or at best relate in only a peripheral fashion.  The handful of e-mails that do directly relate to this case again contain no content which would aid the Government in either crafting or prosecuting the charges in the indictment.  The federal investigation into the Defendant is only discussed in terms of setting up a time to meet with the Government and trying

---

[1] See attached Appendix

to make arrangements to get back some items, such as security cameras, that had been seized from the Defendant.

Additionally, throughout all the e-mails produced to the Court, whether discussing the underlying case or other legal matters, the Defendant is consistent in denying any wrongdoing. Because of this, even assuming that the United States Attorney's Office saw every e-mail the Court reviewed, the Court simply does not believe any of it would have guided or assisted in its prosecution of the Defendant in any way. As a result, review of these privileged e-mails by the Government could not have prejudiced the Defendant.

Lastly, in the application for the search warrant Agent Noullett submitted to the Court, he laid out the information regarding the Defendant he had obtained up to that point. ECF No. 50-3 at 14-39. It is extensive and detailed. The Court sees nothing in the privileged e-mails which would materially have added to the information Agent Noullett had obtained up to that point in his investigation.

Simply put, because of all this, the Court cannot see how, even if the Government did view all of the privileged e-mails in question, it would have aided the Government in any way or caused any prejudice to the Defendant. Accordingly, assuming *arguendo* that error occurred, any error is deemed harmless and dismissal of the Indictment is not appropriate. *United States v. Morrison*, 449 U.S. 361 ("[a]ssuming, *arguendo,* that the Sixth Amendment was violated . . . the dismissal of the indictment was not appropriate, absent a showing of any adverse consequence . . . to the fairness of the proceedings leading to her conviction") see also *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 592 (1976) (when "before trial but after the institution of adversary proceedings, the prosecution has improperly obtained incriminating information from

the defendant in the absence of his counsel, the remedy characteristically imposed is not to dismiss the indictment but to suppress the evidence").

## IV. RECOMMENDATION

For the above reasons, the Court recommends that Defendant's [ECF No. 50] Renewed Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained from the Yahoo Search Warrant be **DENIED** with respect to the motion to dismiss, and **DENIED AS MOOT** as to the motion to suppress with respect to the Government's case-in chief because the Government has agreed not to use e-mails obtained from the search warrant at issue except for impeachment purposes.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, the United States Marshal Service, and the United States Probation Office, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: May 16, 2018               /s/ *James E. Seibert*
                                                                                         JAMES E. SEIBERT
                                                                                         UNITED STATES MAGISTRATE JUDGE

**APPENDIX TO CHALIFOUX R&R**

**Protocol**:

The documents provided by the Defendant's counsel were reviewed on two different levels.  First, to determine if they were protected by the attorney-client privilege, and if so; second, to determine if the content of the privileged communication might have aided the Government in either its crafting or prosecution of the indictment, to the prejudice of the Defendant.  The Court erred in favor of the privilege, in part because it was not aware of some of the persons who were copied on the communications.  The Court has been provided with 8 binders of documents identified as Binders A-H.  Following is a list of documents the Court considered to be privileged communications:

| Binder A: | Binder B: | Binder C: | Binder D: | Binder E: | Binder F: | Binder: G | Binder: H |
|---|---|---|---|---|---|---|---|
| A-6 | B-116 | C-5-6 | None | E-288-295 | F-117-118 | G-30 | H-2 |
| A-27 | B-120 | C-7 | | E-296 | F-135 | G-43 | H-38 |
| A-32 | B-121 | C-8-9 | | E-297 | F-165 | G-49 | H-86 |
| A-34 | B-128 | C-10 | | E-301-310 | | G-82 | H-92 |
| A-37 | B-141 | C-22 | | E-312 | | | H-106 |
| A-39 | B-249 | C-24 | | E-314-319 | | | H-109 |
| A-46 | B-408 | C-25 | | | | | H-125 |
| A-47 | B-418 | C-26 | | | | | H-129 |
| A-48 | B-456 | C-59 | | | | | H-151 |
| A-51 | B-459 | C-94-95 | | | | | H-162 |
| A-56 | B-462 | C-96 | | | | | H-174 |
| A-57 | B-470 | C-103-104 | | | | | |
| A-59 | | C-105-106 | | | | | |
| A-81 | | C-107-108 | | | | | |
| A-85 | | C-109 | | | | | |
| A-92 | | C-110 | | | | | |
| A-93 | | C-111-112 | | | | | |
| A-96 | | C-113-114 | | | | | |
| A-117 | | C-116 | | | | | |
| A-119 | | C-125 | | | | | |
| A-171 | | C-132 | | | | | |
| A-261 | | C-138 | | | | | |
| A-293 | | C-139-140 | | | | | |
| A-294 | | C-141 | | | | | |
| A-329 | | C-143 | | | | | |
| A-331 | | | | | | | |
| A-335 | | | | | | | |
| A-346 | | | | | | | |
| A-366 | | | | | | | |
| A-368 | | | | | | | |
| A-370 | | | | | | | |