IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:17CR20
                                                        (STAMP)
DR. ROLAND F. CHALIFOUX, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING IN PART AND DENYING IN PART**
**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AS FRAMED AND**
**OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBJECTIONS**

I.  Introduction

The defendant, Dr. Roland F. Chalifoux, Jr., was named in a 26-count indictment for health care fraud, mail fraud, and wire fraud. The indictment asserts that the defendant was a doctor of osteopathic medicine and was licensed to practice in the State of West Virginia. The indictment also states that from 2008 to the present, the defendant owned and operated a medical practice first in Wheeling, West Virginia, and then later in McMechen, West Virginia. The charges in the indictment arise out of the defendant submitting to health care benefit programs materially false claims for reimbursement. The indictment also includes a forfeiture allegation, including but not limited to a money judgment in the amount of at least $291,051.00.

For the following reasons, this Court affirms and adopts the report and recommendation of the magistrate judge in part and

denies in part as framed (ECF No. 57) and overrules in part and sustains in part the defendant's objections to the report and recommendation (ECF No. 60). Accordingly, the defendant's Renewed Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained from the Yahoo Search Warrant (ECF No. 50) is denied in part and granted in part.

II. Procedural History

The defendant has filed a Renewed Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained from the Yahoo Search Warrant. ECF No. 50. The motion concerns a June 22, 2015 search warrant that authorized the officer investigating the defendant to obtain the contents of the defendant's Yahoo email address. The search warrant was executed, and the officer obtained over 10,000 emails. In his motion, the defendant argues that the indictment should be dismissed because the government failed to use a "taint team" from the outset to review the seized emails and, thus, there is no way to ensure that they did not see privileged emails between the defendant and his attorneys. Thus, the defendant concludes that the seizure of his emails violates the Fourth Amendment, his Fifth Amendment rights and his Sixth Amendment right to assistance of counsel. In the alternative, if this Court denies the motion to dismiss, the defendant asks that all evidence stemming from the Yahoo search warrant be suppressed.

The magistrate judge held a hearing on the motion at which he ordered counsel for the defendant to produce, for in camera review, all emails that they believed to be privileged and that they allege the government could have seen. After reviewing the emails, the magistrate judge found that, although many of the emails constituted privileged communications, there was no content within the privileged communications that would aid the government in their crafting or prosecution of the underlying indictment. ECF No. 57 at 4. The magistrate judge noted that the majority of the emails are not related to the underlying charges, and that the few that are related contain no content that would be of aid to the government in this criminal action. Id. Furthermore, the magistrate judge found that, in all of the emails, the defendant consistently denies any wrongdoing, and, thus, the emails would not guide or assist the government in their prosecution. Id. Additionally, the magistrate judge found that the application for the Yahoo search warrant was extensive and detailed, and that nothing in the emails would have materially added to the information the government had already obtained prior to executing the search warrant. Id. at 5. Thus, the magistrate judge concluded that, even if there was error, any error was harmless and dismissal of the indictment is not appropriate. Id.

The magistrate judge also concluded that the alternative motion to suppress should be denied as moot with respect to the

government's case-in-chief because the government has stated that it will not use any emails obtained from the search warrant in its case-in-chief. Id. at 3. Specifically, the government stated that the only time it would attempt to use any email from the search warrant would be "for impeachment purposes on cross-examination if the Defendant or another witness were to testify to something directly contradicted by information contained in the emails obtained from the search warrant." Id. Thus, the issue would not arise unless the government were to proffer a document obtained from the search warrant or seek to use such a document during its cross-examination. Id. The magistrate judge recommended the defendant's "motion to suppress be denied as moot with respect to the Government's case-in-chief because the Government has foreclosed any chance of using the e-mails contained in the search warrant in that manner." Id. Accordingly, the magistrate judge concluded that this would be an issue for the trial court and directed the government to give notice to the trial court if it determines that any of the emails will be proffered or referred to in any way. Id.

The defendant filed objections to the report and recommendation. ECF No. 60. The defendant argues that (1) his motion to dismiss the indictment adequately demonstrated prima facie prejudice and that the government did not meet its burden to show a lack of prejudice and (2) his motion to suppress is not moot

4

simply because the government intends to use the emails only for impeachment purposes.  Id.

The defendant argues that "the government's outrageous conduct warrants dismissal of the indictment due to the prejudice suffered by the defendant."  ECF No. 60 at 14.  Specifically, the defendant contends that he has made a sufficient showing of prejudice to establish an intentional violation of his right to counsel and the attorney-client and attorney work-product privileges because the emails concern: (1) the defendant's discussions with his counsel regarding his Suboxone program; (2) the defendant's billing disputes with West Virginia Medicaid, Highmark, and other insurers; (3) the defendant seeking legal advice on the appropriate use of the urine drug screens; and (4) the defendant's contact with an attorney in which he describes his understanding of this case from the execution of the warrant at his practice and in which he expressly asks for legal advice.  ECF No. 60.  The defendant further contends that the indictment should be dismissed because the government failed to use a "taint team" or "privilege team" in reviewing the emails.  Id.  Rather, the defendant states that the lead agent for the case, Special Agent Noullet, personally reviewed the emails.

The defendant also argues that "the motion to suppress the evidence obtained from the Yahoo search warrant is not moot."  ECF No. 60 at 12.  Specifically, the defendant contends that statements

5

not made voluntarily to the government and obtained in violation of the defendant's constitutional rights cannot be used for any purpose at trial, including impeachment. Id. The defendant argues that the statements were not voluntarily made to the government, but rather were made known to the government through the government's violation of the Fourth, Fifth, and Sixth Amendments. Id.

The government filed a response to the defendant's objections. ECF No. 62. In response, the government argues that there is no evidence that any government representative read the actual subject matter of any privileged communication bearing on this investigation. Id. at 1. The government attaches the hearing transcript as evidence of this and explains that Special Agent Noullet would not read an email if it appeared to be privileged based on the header of the email. Id. Additionally, the government asserts that no investigative decisions were based on Special Agent Noullet's reading of the emails. Id. at 2-3.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the defendant filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which

6

objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

This Court has conducted a de novo review of the magistrate judge's report and recommendation as to those findings to which the defendant has made objections. Following its review and consideration of the evidence presented in this matter, and for the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in part and denied in part as framed.

A. Motion to Dismiss the Indictment

Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. United States v. Morrison, 449 U.S. 361, 364 (1981). When, before trial but after the institution of adversary proceedings, the prosecution has improperly obtained incriminating information from the defendant in the absence of his counsel, the remedy characteristically imposed is not to dismiss the indictment but to suppress the evidence or to order a new trial if the evidence has been wrongfully admitted and the defendant convicted. Id. at 365. More particularly, absent demonstrable prejudice, or substantial threat thereof, dismissal of

7

the indictment is plainly inappropriate, even though the violation may have been deliberate. Id. A district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988).

The defendant argues that the government's conduct warrants dismissal of the indictment due to the prejudice suffered by the defendant and further contends that the indictment should be dismissed because the government failed to use a "taint team" or "privilege team" in reviewing the emails. At the hearing on this matter, the magistrate judge ordered counsel for defendant to produce for in camera review all emails that they believed to be privileged and which they allege the Government could have seen. ECF No. 57 at 4. The magistrate judge reviewed all the emails turned over by counsel and found that "[t]he overwhelming majority of the emails produced pertain to matters that either do not relate at all to the underlying charges, or at best relate in only a peripheral fashion." ECF No. 57 at 4. The magistrate judge concluded that "[t]he handful of emails that do directly relate to this case again contain no content which would aid the Government in either crafting or prosecuting the charges in the indictment." ECF No. 57 at 4.

In its de novo review, this Court has reviewed the emails which were turned over for in camera inspection and agrees with the

8

findings of the magistrate judge. Additionally, as explained in greater detail below, this Court notes that the government has agreed to not use any of the any emails obtained from the search warrant in its case-in-chief. This Court finds no demonstrable prejudice or effect of a constitutional dimension which warrants dismissal of the indictment.

B.  <u>Motion to Suppress Evidence Obtained from the Yahoo Search Warrant</u>

The defendant objects to the magistrate judge's recommendation that the motion to suppress be denied as moot on the basis that allowing the emails to come in for impeachment purposes infringes on his Fourth, Fifth and Sixth Amendment rights. Preliminarily, this Court does not agree that the motion to suppress becomes moot simply by the government's agreement to not use any emails obtained from the search warrant in its case-in-chief. As the magistrate judge correctly points out, the government has repeatedly stated, both in writing and in court, that the only time they would attempt to use any email from the search warrant is for impeachment purposes on cross-examination if the defendant or another witness were to testify to something directly contradicted by information contained in the emails obtained from the search warrant. ECF No. 57 at 3. This proposition narrows the issue to whether or not the government may properly use the emails for impeachment purposes on

cross-examination, and whether the statements were voluntary. The Supreme Court of the United States has held:

> Statements made by a defendant in circumstances violating the strictures of Miranda v. Arizona, [384 U.S. 436 (1966)], are admissible for impeachment if their "trustworthiness . . . satisfies legal standards." Harris v. New York, . . . 401 U.S. [222,] 224, 91 S.Ct., at 645; Oregon v. Hass, . . . 420 U.S. [714,] 722, 95 S.Ct., at 1220. But any criminal trial use against a defendant of his involuntary statement is a denial of due process of law, "even though there is ample evidence aside from the confession to support the conviction." Jackson v. Denno, 378 U.S. [385,] 376, 84 S.Ct., at 1780; Haynes v. Washington, 373 U.S. 503, 518, 83 S.Ct. 1336, 1345, 10 L.Ed.2d 513; Lynumn v. Illinois, 372 U.S. 528, 537, 83 S.Ct. 917, 922, 9 L.Ed.2d 922; Stroble v. California, 343 U.S. 181, 190, 72 S.Ct. 599, 603, 96 L.Ed. 872; see Chapman v. California, 386 U.S. 18, 23 and n. 8, 87 S.Ct. 824, 828, 17 L.Ed.2d 705.

Mincey v. Arizona, 437 U.S. 385, 397-98 (1978) (emphasis in original).

Here, this Court finds that it must construe the defendant's statements as voluntary because the defendant was in no way coerced into sending the emails or interrogated in any way, and the totality of the circumstances surrounding the facts of this case do not support a finding that the defendant's statements were involuntary. Id. at 401. The case at hand is easily distinguished from Mincey, the primary authority set forth in defendant's brief, in which the defendant made involuntary statements while interrogated in a "debilitated and helpless condition" and "depressed almost to the point of coma." Id. at 399.

While the Court agrees with the defendant in that at least it is troublesome that the government did not use a "taint team" to review the emails, this Court must take in good faith the government's representation that Special Agent Noullet did not read the privileged emails beyond screening the headings of such emails. Additionally, this Court will hold the government to its promise that it will use the emails obtained through the search warrant only for impeachment purposes but finds that such impeachment should be as to the defendant only and not as to any other witness. The impeachment exception to the exclusionary rule permits the prosecution in a criminal proceeding to introduce illegally obtained evidence to impeach the defendant's own testimony, but does not expand to all defense witnesses. James v. Illinois, 493 U.S. 307, 308-09, 313-14 (1990).

This Court finds that it is appropriate to grant defendant's motion in part to suppress the emails, but allow the emails to come in at trial for impeachment purposes only as to the defendant. Further, as the magistrate judge noted, this issue would not ripen into a justiciable controversy unless and until the government seeks to use such a document in cross-examination should the defendant choose to testify. The government has previously been directed to give notice to this Court and counsel for defendant at the earliest possible time after it determines that any of these emails will be referred to in any way during cross-examination.

V. Conclusion

For the reasons stated, this Court AFFIRMS AND ADOPTS the report and recommendation of the magistrate judge in part and DENIES the report and recommendation in part as framed (ECF No. 57). The defendant's objections to the report and recommendation (ECF No. 60) are OVERRULED in part and SUSTAINED in part. Accordingly, the defendant's Renewed Motion to Dismiss the Indictment or, in the Alternative, to Suppress Evidence Obtained from the Yahoo Search Warrant (ECF No. 50) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein, to the defendant, to the United States Probation Office, and to the United States Marshals Service.

DATED: August 16, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE