IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Criminal Action No. 5:17CR20
                                                                    (STAMP)
DR. ROLAND F. CHALIFOUX, JR.,

    Defendant.

## ORDER DENYING WITHOUT PREJUDICE THE UNOPPOSED MOTION TO DISMISS OF THE UNITED STATES

On October 30, 2018, the United States filed its unopposed motion to dismiss the remaining counts of the indictment, Count One through Eleven and Counts Twenty-Three through Twenty-Six (ECF No. 95).

In support of this motion, the United States states that the parties have agreed to enter into a pretrial diversion agreement in which defendant agrees to pay restitution in the amount of $28,606.75 and to abide by other terms set forth in that agreement. The United States asserts that under that agreement, it will dismiss the pending counts of the indictment against the defendant without prejudice. The fully-executed pretrial diversion agreement, effective October 30, 2018, has now been filed. While the pretrial diversion agreement asserts in part that "the Indictment pending in case number 5:17CR20 in the Northern District of West Virginia will be dismissed without prejudice subject to refiling, and any further prosecution in this District for this offense shall be deferred for the period of twelve (12) months from

the date that this agreement is fully executed, provided you abide by the following conditions and the requirements of this Agreement set forth below;" the agreement also states: "After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above referenced offense will be instituted in this District, and the charges against you, if any, will be dismissed."

This Court finds that the unopposed motion to dismiss of the United States is premature and should better be addressed upon the successful completion of the pretrial diversion agreement by the defendant which, according to the agreement, should be twelve months from the date thereof, subject to the defendant's abiding by the conditions and requirements of the agreement.

Accordingly said unopposed motion to dismiss is (ECF No. 95) DENIED WITHOUT PREJUDICE subject to being refiled at a later appropriate date.

This Court does, however, vacate the scheduled trial date of March 26, 2019.  The parties will also not be subject to any deadlines contained in the scheduling order in this case, pending successful completion of the pretrial diversion agreement by the defendant.

It is further ORDERED that the period of delay resulting from the filing of the motion to dismiss until the entry of this Order shall be excluded in computing the time within which the trial of the offenses charged must commence, in accordance with the

2

provisions of 18 U.S.C. § 3161(h)(1)(D). The period of delay from and including the date the trial was originally scheduled until the commencement of trial shall also be excluded in computing the time within which the trial of the offenses charged in the above-styled criminal action must commence, in accordance with the provisions of 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED: November 5, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE