IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        Criminal No. 5:17-CR-20 (Stamp)

DR. ROLAND F. CHALIFOUX JR.

      Defendant.

## DEFENDANT DR. ROLAND F. CHALIFOUX'S MOTION TO STRIKE [DOC 92-2] REPLACE THE SAME WITH [DOC 95-5] and TO EFFECTUATE THE INTENT OF PRETRIAL AGREEMENT

NOW COMES the Defendant, Dr. Roland F. Chalifoux Jr., by and through undersigned counsel, Elgine Heceta McArdle, Esquire and files this Motion to Strike [Doc 92-2] and Replace with [Doc 95-1] to Clarify the Intent of the Agreement for an Immediate Dismissal of the Indictment by stating the following:

1. Defendant files this motion to clarify the record and make consistent the intentions of the parties by striking [Doc 92-2] in its entirety and replace it with [Doc 95-5] which is the final pretrial diversion agreement between the parties.

    a. The pretrial diversion agreement attached to the Government's Motion to Authorize Clerk to Accept and Disburse Restitution Payments [Document 92] and signed by the parties on October 19, 2018 had not been accepted by the United States Probation Office and was subsequently modified.

    b. The pretrial diversion agreement attached to the Government's Motion to Dismiss [Document 95] and signed by the parties on October 30, 2018 contains different language and had been accepted by the United States Probation Office [Document 95-1]

1

2. On November 5, 2018, this Court entered an order denying without prejudice the unopposed Motion to Dismiss the Indictment, citing as reasons therefore that the Government's Motion to Dismiss was premature based upon the following language contained in the pretrial diversion agreement dated October 30, 2018:

   After the Agreement is fully executed, the United States will move to dismiss the pending indictment without prejudice. *After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above referenced offense will be re-instituted in this District.*

3. Based upon the Court's ruling, Defendant seeks to strike language within paragraph 4 which has presumably lead the Court to rule that dismissal of the Indictment is premature. Specifically, Defendant moves to strike the following language so as to effectuate the clear understanding that the Government seeks to dismiss the Indictment without prejudice:

   *After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above referenced offense will be re-instituted in this District.*

4. Only if Defendant fails to abide by the Pretrial diversion agreement will charges be refiled.

5. Any action but an immediate dismissal of this matter operates to deny Defendant his ability to continue working because providers will not permit use of his provider numbers to bill.

6. Without active provider numbers, Defendant's ability to collect payment for work rendered is hindered.

7. Without the ability to collect payment, his ability to comply with the terms of the pretrial diversion are affected.

8. Anything but an immediate dismissal of the Indictment continues to exacerbate the prejudice on Defendant brought on by previously argued errors in the investigation and pretrial of this matter.

9. In fact, failure to immediately dismiss the Indictment prolongs what would be a final decision with the trial originally set for March, 2018.

10. The intent of the parties was for an immediate dismissal to allow a pretrial diversion.

11. The record will reflect that the original Indictment was returned on July 25, 2017.

12. Fifteen (15) months have passed since Defendant's Indictment.

13. Fifteen (15) months have passed without a single violation of any bond condition.

14. Defendant submits the Fifteen (15) months, which exceeds the proposed pretrial diversion term, should be considered in the Court's decision to grant an immediate dismissal.

15. Upon information and belief, the government has no objection to an immediate dismissal.

16. To the extent correction of the language within the Pretrial Diversion Agreement is required, Defendant seeks to strike the following language from the Pretrial Diversion Agreement to effectuate the intent of the parties:

*Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any conditions of this Pretrial Diversion Program. The United States Attorney's Office may release you from supervision at any time. The United States Attorney's Office may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this Agreement. In this case, you will be furnished with information specifying the conditions of the Agreement which you have violated.*

*After the Agreement is fully executed, the United States will move to dismiss the pending indictment without prejudice. After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above referenced offense will be re-instituted in this District*

*Neither this Agreement nor any other document filed with the United States Attorney's Office as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.*

17. Defendant submits that the Pretrial Diversion Agreement remains enforceable as agreed without the language.

WHEREFORE, for the above stated reasons, Defendant respectfully requests a hearing to address these matters.

Respectfully submitted,

MCARDLE LAW OFFICE

Dated:  November 9, 2018                    /s/ *Elgine Heceta McArdle*
                                            Elgine Heceta McArdle, Esquire #6249
                                            Attorney for Defendant Dr. Chalifoux
                                            2139 Market Street
                                            Wheeling, WV  26003
                                            T: (304) 232-0770
                                            F: (304) 214-1703
                                            elgine@mcardlelawoffice.com

                                            CHAPMAN LAW GROUP

Dated:  November 9, 2018                    /s/ *Ronald W. Chapman II*
                                            Ronald W. Chapman II (P73170)
                                            *Admitted PHV*
                                            Attorney for Defendant Dr. Chalifoux
                                            1441 West Long Lake Rd., Suite 310
                                            Troy, MI  48098
                                            T: (248) 644-6326
                                            RWChapman@ChapmanLawGroup.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification, if appropriate, of such filing to the following CM/ECF participants:

Sarah Wagner, Esquire
Assistant United States Attorney's Office
Northern District of West Virginia
P.O. Box 591, Wheeling, WV 26003

By: /s/ Elgine Heceta McArdle
Counsel for Defendant

Elgine Heceta McArdle, Esquire #6249
MCARDLE LAW OFFFICE
2139 Market Street
Wheeling, WV  26003
Telephone Number (304) 232-0700
Facsimile (304) 214-1703