```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Criminal Action No. 5:17CR20
                                                            (STAMP)
DR. ROLAND F. CHALIFOUX, JR.,

       Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT AND GRANTING UNITED STATES' MOTION FOR RELIEF FROM A JUDGMENT ORDER**

In the above criminal action, the United States earlier stated that the parties agreed to enter into a pretrial diversion agreement. In connection with the United States' Motion to Authorize Clerk to Accept and Disburse Restitution Payments (ECF No. 92), the United States attached a copy of an Agreement for Pretrial Diversion (ECF No. 92-2). That agreement was signed by the defendant on October 18, 2018, by his counsel on October 19, 2018, and by counsel for the United States on October 19, 2018 ("first agreement"). That agreement was not, at that time, executed by a representative of the United States Probation Office. That first agreement contained the following language:

> On the authority of the Attorney General of the United States, by William J. Powell, United States Attorney for the Northern District of West Virginia, the Indictment pending in case number 5:17-cr-0020 in the Northern District of West Virginia will be dismissed without prejudice subject to refiling, and any further prosecution in this District for this offense shall be deferred for the period of twelve (12) months from the date that this agreement is fully executed, provided you abide by the following conditions and the requirements of this Agreement set out below.

Also set forth below in this first agreement was the following language:

> After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above referenced offense will be instituted in this District, and the charges against you, if any, will be dismissed.

On October 30, 2018, the United States filed its unopposed motion to dismiss. ECF No. 95. Attached to that motion was an Agreement for Pretrial Diversion signed by the defendant and his counsel on October 29, 2018 and by counsel for the United States and the United States Probation Office Pretrial Diversion Supervisor on October 30, 2018. ECF No. 95-1. That agreement ("second agreement") contained the following language:

> After the Agreement is fully executed, the United States will move to dismiss the pending indictment without prejudice. After successfully completing your Pretrial Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the above references offense will be re-instituted in this District.

The second agreement does not contain any of the language in the first agreement cited above dealing with the United States' intention to dismiss, without prejudice, and not to further prosecute after successful completion of the Pretrial Diversion Program by the defendant.

On October 30, 2018, the United States filed its Unopposed Motion to Dismiss. ECF No. 95. Attached to that motion was the above-mentioned second agreement. ECF No. 95-1.

On November 5, 2018, this Court entered an order denying without prejudice the unopposed motion to dismiss of the United States. ECF No. 98. This Court's order mistakenly and erroneously referred solely to the first agreement believing that the unopposed motion to dismiss of the United States was premature and should be better addressed upon the successful completion of the Pretrial Diversion Agreement. On November 9, 2018, defendant Dr. Ronald F. Chalifoux, Jr. filed a motion to strike ECF No. 92-2 and replace the same with ECF No. 95-5[1] and to effectuate the intent of the Pretrial Diversion Agreement. ECF No. 99. In that motion, defendant sets forth the alleged mistake made by this Court in considering only the language in the first agreement without considering the language in the second agreement which modified the earlier first agreement.

On November 14, 2018, this Court directed the United States to respond to this motion to strike and to effectuate the intent of the Pretrial Diversion Agreement.

On November 16, 2018, the United States filed its response to defendant's Motion to Strike [DOC 92-2] Replace the Same with [DOC 95-5] and to Effectuate the Intent of the Pretrial Agreement and filed its Motion for Relief from a Judgment or Order. ECF No. 101.

In that response and motion, the United States agrees with the defendant and asserts that this Court's order denying without prejudice the unopposed motion to dismiss of the United States (ECF

---

[1]This document is actually ECF No. 95-1.

No. 98) mistakenly or inadvertently referenced language contained in the first agreement rather than the second agreement. The United States agrees with the defendant's contention that the intent of the parties was for the immediate dismissal of the indictment without prejudice and that upon successful completion of the Pretrial Diversion Agreement, no prosecution for the above-named offenses would be re-instituted in this district following the execution of the final agreement (ECF No. 95-1).

The United States in effect requests by its motion that this Court reconsider its ruling on the motion to dismiss since it mistakenly relied upon the partially signed first agreement rather than the fully signed second agreement which the parties believe is the controlling agreement.[2]

This Court agrees that it erroneously and mistakenly denied the earlier motion to dismiss without prejudice by considering the language in the first agreement rather than the second agreement.

This Court further believes that it is unnecessary to consider the defendant's motion to strike since this Court grants the United States' motion for relief from a judgment order and grants the United States' motion to dismiss the remaining counts of the indictment, which are Counts One through Eleven and Counts Twenty-

---

[2] Federal Rule of Criminal Procedure 60 cited by the United States is not applicable. The United States may have been considering the relief that could be granted under Rule 60 of the Federal Rules of Civil Procedure. In any event, this Court finds that it possesses the inherent authority to correct its own ruling under the circumstances.

4

Three through Twenty-Six (ECF No. 95). The Court believes that the second agreement (ECF No. 95-1) is now the subject agreement in this proceeding.

Accordingly, it is ORDERED that the Motion to Strike (ECF No. 99) is DENIED AS MOOT, and the United States' Motion for Relief from a Judgment or Order is GRANTED and this criminal action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:    December 12, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE